BERANEK, Judge.
Appellant, a restaurant/lounge, appeals the granting of two summary judgments, one on liability, and one on damages, entered in favor of appellee, an attorney. We reverse.
In October, 1980, the attorney entered into an agreement to represent appellant in a lawsuit against the city of Oakland Park. The attorney drafted the agreement which was signed by appellant.[1] The lawsuit against the city was unsuccessful but because of an order issued by this court in a related case, the lounge was allowed to remain open until 4:00 a.m. for some eight weeks. A dispute over fees resulted in the attorney suing the lounge based on the agreement. The lounge defended contending that the written agreement drafted by the attorney did not accurately reflect their verbal agreement and that the attorney had not prevailed in the suit. The attorney moved for summary judgments on the issues of liability and damages. Both were granted and a judgment of $15,769.50 was entered against appellant.
Appellee/attorney has not favored this court with a brief. A review of the sworn statements in the record persuades us that both summary judgments were improper as there were genuine issues of fact in controversy. These factual differences apparently were not considered by the trial court because they would have required admission of parol evidence. However, we find the written agreement ambiguous as it does not adequately establish the duties required to be performed by the attorney nor the precise payments for such services. Thus, on remand, parol evidence should be admitted to show the intent of the parties. We note that the trial court did have before it one sworn statement by the attorney which does interpret the agreement. We do not know whether the trial court considered this statement, but if it did, it was error to consider the attorney’s interpretation of the agreement and ignore appellant’s interpretation. Since it is not before us, we take no position on the issue of whether the contract is unconscionable.
REVERSED AND REMANDED.
LETTS and HERSEY, JJ., concur.

. AGREEMENT
BEAULEM INC., a Florida Corporation, doing business as STUDIO 51 has paid JOSEPH J. TITONE a non refundable retainer of $3,000.00 to represent them in an action to keep STUDIO 51 open till 4:00 A.M.
After the action is filed should STUDIO 51 be allowed to stay open till 4:00 A.M. then an additional payment of $2,000.00 is to be paid by undersigned to JOSEPH J. TITONE and JOSEPH J. TITONE is to be paid $1,000.00 every week that STUDIO 51 is open till 4:00 A.M.
Should the undersigned sell STUDIO 51 while it is open till 4:00 A.M. JOSEPH TITONE is to be paid one hundred thousand dollars ($100,-000.00) out of proceeds of sale.
Any dispute as to this agreement, prevailing party is entitled to reasonable attorneys fees.
DATED this 20th day of October, 1980 at 2034 East Oakland Park Boulevard, Fort Lauderdale, Florida 33306.